IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN W. HAMILTON-PROVOST, § § Plaintiff, § § v. § § MICHAEL J. ASTRUE, § COMMISSIONER OF SOCIAL § SECURITY, § § Defendant. § | CIVIL ACTION NO. 4:12-2585 |

## MEMORANDUM AND ORDER

In this appeal from denial of Social Security benefits, the Court granted summary judgment in favor of Defendant on December 10, 2013, and entered a Final Judgment. *See* Memorandum and Order [Doc. # 18]; Final Judgment [Doc. # 19]. On December 30, 2013, Plaintiff John W. Hamilton-Provost, who is incarcerated and proceeding *pro se*, requested additional time to respond to the Court's decision. *See* Doc. # 20. The Court deemed Plaintiff's request a motion under Federal Rule of Civil Procedure 59(e). *See* Doc. # 22. Plaintiff was granted time to brief his motion, which he now has done. *See* Docs. # 25, # 26, # 27. Defendant has not responded.

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves

a "narrow purpose" of allowing a party to bring errors or newly discovered evidence to the Court's attention. *In re Rodriguez*, 695 F.3d 360, 371-72 (5th Cir. 2012); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id.* (citing *Ross*, 426 F.3d at 763). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)).

Plaintiff's post-judgment briefing and exhibits pertain mostly to medical records regarding Plaintiff's vision, including optometry records from 2003-2008 that previously were considered by this Court. He reurges arguments made in his pre-judgment briefing. These filings do not establish a manifest error of law or fact in the Court's Memorandum and Order granting summary judgment. This Court previously granted summary judgment to Defendant because the record contained substantial evidence supporting the conclusion by the Administrative Law Judge ("ALJ") that

Plaintiff's allegations of blindness were not credible. The ALJ's resolution of conflicting evidence regarding blindness was a task squarely within the ALJ's province. *See* Memorandum and Order [Doc. # 18], at 18-19. This Court has no authority to second-guess the credibility findings of the ALJ. *See id.* (citing cases).

In addition, Plaintiff submits records from optometry examinations performed on February 6, 2014. *See* Doc. # 26. These records are outside the relevant time period for the case at bar. Plaintiff's eligibility period for disability benefits was December 14, 2002, through December 31, 2006, and for SSI benefits, Plaintiff was eligible from December 14, 2002, through July 25, 2011. *See* Memorandum and Order [Doc. # 18], at 3-4.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion under Rule 59(e) to alter or amend the Court's judgment [Doc. # 20] is **DENIED.**

**SIGNED** at Houston, Texas, this 2nd day of **May, 2014.**

Nancy F. Atlas
United States District Judge